**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0006028
19-SEP-2014
09:01 AM**

NO. CAAP-13-0006028

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF U CHILDREN

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 10-00049)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Father/Appellant/Cross-Appellee (**Father**) and
Mother/Appellee/Cross-Appellant (**Mother**) appeal from the Order
Terminating Parental Rights, filed December 2, 2013 in the Family
Court of the First Circuit[1] (**family court**), which terminated
Father's and Mother's parental rights to their two children.

On appeal, Father contends there was not clear and
convincing evidence that he could not provide a safe family home
within a reasonably foreseeable future, even with the assistance
of a service plan, pursuant to Hawaii Revised Statutes (**HRS**)
§ 587A-33(a)(2); and that there was not clear and convincing
evidence the proposed permanent plan was in the best interest of
the children, pursuant to HRS § 587A-33(a)(3).

On cross-appeal, Mother contends she was not afforded
an adequate opportunity to reunite with her children because she
was not allowed to participate in Parent Child Interactive

---

[1]    The Honorable Sherri L. Iha presided.

Therapy (**PCIT**), was not provided with separate child visitation, and was not provided in-home visits.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's and Mother's points of error as follows:

There was clear and convincing evidence that Father could not provide a safe family home within a reasonable period of time, not exceeding two years from the children's entry into foster care, even with the assistance of a service plan.

The children entered foster care on April 29, 2010. Father was first provided a service plan on July 20, 2010. Hearings on Petitioner-Appellee State of Hawai'i, Department of Human Services' (**DHS**) first Motion to Terminate Parental Rights were heard July 18, August 1, and September 11, 2012 and denied September 24, 2012. The hearing on DHS's second Motion to Terminate Parental Rights was held December 2, 2013. The parties stipulated that all evidence presented during the hearing on the first Motion to Terminate Parental Rights would be incorporated in the hearing on the second Motion to Terminate Parental Rights.

Father indicated Mother would be the primary caregiver when he was at work if the children were returned. However, Tracy Ober (**Ober**), a DHS social worker, stated Mother had not addressed a DHS safety concern by failing to obtain psychiatric services. Ober also stated Father failed to understand Mother's limitations. The family court, in Finding of Fact No. 121, did not credit Father's testimony that he would obtain a babysitter when he was at work. Ober opined that Father did not demonstrate he could compensate for Mother's deficiencies. Father also stated he had no problem letting Mother take a leadership role during visits. Thus, DHS had concerns that Father would not take control because when he got into disagreements with Mother he would walk away. There was clear and convincing evidence that Father, alone or in conjunction with Mother, could not provide a safe family home within a reasonable period of time, not

2

exceeding two years from the children's entry into foster care, even with the assistance of a service plan.

Additionally, there was clear and convincing evidence the proposed permanent plan was in the best interest of the children. The permanent plan stated adoption of the children was the goal. A permanent plan shall state whether adoption, legal guardianship, or permanent custody is the goal. HRS § 587A-32(a)(1) (Supp. 2013). The family court shall "[p]resume that it is in the best interests of the child[ren] to be promptly and permanently placed with responsible and competent substitute parents and family in a safe and secure home[.]" HRS § 587A-33(a)(3)(A). Father presented no evidence to rebut the presumption that adoption was in the best interest of the children. DHS stated there were no paternal or maternal relatives that wished to care for the children. Michelle Birdsall (**Birdsall**), a licensed social worker, testified the children needed permanency. One child had expressed anxiety about being moved and not knowing where she would be going. Birdsall testified the children would benefit from having a stable home. Prospective adoptive parents had previously adopted an older half-sibling of the children and did express interest in caring for the younger children. Father stated that if he could not have the children at home with him then he would want them to be in a good place and that the prospective adoptive parents had already adopted their older half-sibling. The permanent plan was in the best interest of the children.

The record shows that Mother has long-standing mental health problems for which she refused to seek treatment; that the children were removed from Mother and Father's custody after one of the children, who was then three and a half years old, was twice found wandering, unsupervised outside the child's residence; the children had not received adequate medical and dental care while in Mother and Father's custody; and Mother's

parental rights regarding an older half-sibling of the children had previously been terminated.

Contrary to Mother's claim, she was afforded an adequate opportunity to reunite with the children. The family court specifically stated it was not ordering Mother to participate in PCIT. Rather, the family court requested DHS "look into" PCIT. DHS stated Mother should receive PCIT in order to reunite with the children but only after Mother completed hands-on parenting. Raylani Lupton (**Lupton**), a DHS social worker, testified Mother was not referred to PCIT because Mother had not completed hands-on parenting.

Mother argues that separate visits would allow DHS to observe how she interacts individually with the children. Lupton testified Mother was not given separate visits because of scheduling issues. Ober testified Mother did not request any separate visits when she was on the case. Regardless, Mother's interaction with the children during combined visits with Father indicated she acted inappropriately such as whispering to the children despite being warned the service provider should be able to hear all communication. Mother also did not apply the curriculum taught during outreach or counseling during visits. In fact, Mother was affecting Father's progress. She would cut him off or wouldn't allow him to interact with the children the way he wanted to and "[s]he would disagree[,] or she would do her own thing." It does not appear Father's presence or absence during visits affected Mother's interaction with the children and separate visits were not necessary to provide Mother with an adequate opportunity for reunification.

Although it was recommended Mother have in-home visits, Lupton testified Mother did not make sufficient progress to warrant it. Mother had also made accusations toward DHS staff resulting in Lupton not allowing the DHS staff into the home for the staff's own safety.

Therefore,

IT IS HEREBY ORDERED that the Order Terminating Parental Rights, filed December 2, 2013 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 19, 2014.

On the briefs:

Leslie C. Maharaj
for Father/Appellant/Cross-
Appellee.

Herbert Y. Hamada
for Mother/Appellee/Cross-
Appellant.

Patrick A. Pascual
Mary Anne Magnier
Deputy Attorneys General
for Petitioner/Appellee
Department of Human Services.

Chief Judge

Associate Judge

Associate Judge